FILED
SUPERIOR COURT
OF GUAM

2022 MAY 31 PM 1:47

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MAY D.F. HANNAH,<br><br>Plaintiff,<br><br>vs.<br><br>LUCILLE FLORES LEON GUERRERO, *et al.*,<br><br>Defendant. | CIVIL CASE NO. CV1651-10<br><br><br>DECISION AND ORDER RE MOTION TO CLARIFY |

This matter is before the Honorable Dana A. Gutierrez based upon Plaintiff May F. Hannah's ("Plaintiff") Motion for [sic] Clarify Scope of Discovery Permitted Under *Hannah v. Leon Guerrero et al.*, 2020 Guam 15 and Judgment in Re-Trial ("Motion to Clarify") and Memorandum of Points and Authorities in Support of *Ex-Parte* Application to Shorten Time to Hear Plaintiff's Motion to Clarify Scope of Discovery in Re-Trial filed on October 28, 2021. Plaintiff is represented by Attorney James Maher. Defendants are represented by Attorney Jacqueline T. Terlaje. Based upon a review of the pleadings, the Court now issues this Decision and Order clarifying the scope of discovery permitted under *Hannah v. Leon Guerrero et al.*, 2020 Guam 15.

## BACKGROUND

After a jury trial was held in the above-captioned case, a jury of twelve returned its

verdicts, and the Court entered a final Amended Judgment on July 5, 2017.[1] Both parties appealed to the Guam Supreme Court. *Hannah,* 2020 Guam 15 ¶ 9.

On August 19, 2020, the above-captioned matter was remanded to the trial court by the Guam Supreme Court's Judgment which stated: "the court VACATES the amended judgment and REMANDS to the trial court for further proceedings not inconsistent with this opinion."[2] On appeal, the Guam Supreme Court held that on remand, the trial court must: 1) apply and instruct the jury on the correct standard of proof requiring a Plaintiff to show by clear and convincing evidence, either the existence of a confidential relationship or undue influence;[3] 2) apply and instruct the jury on the burden shifting mechanism which requires Defendant to rebut the presumption of undue influence by a preponderance of the evidence, if the Plaintiff proves the existence of a confidential relationship by clear and convincing evidence; 3) permit Plaintiff to amend her Complaint regarding the conversion claim and allow Defendants to assert any defenses; and 4) if Plaintiff establishes a claim for undue influence, fraud, and/or breach of fiduciary duty, the trial court must allow submission of the issue of punitive damages to the jury. *Hannah,* 2020 Guam 15 ¶ 29, 31, 35, 39.

Upon a reading of the Guam Supreme Court's opinion, this Court found that a new trial on all issues of fact must be conducted. Order Re Mandate for Further Proceedings, at 4 (Apr. 16, 2021). On October 28, 2021, Plaintiff filed her Motion to Clarify requesting that "the Court clarify the scope of discovery in the second trial permitted under the Opinion and Judgment."

---

[1] This case was previously presided over by the Honorable Michael J. Bordallo. The matter was assigned to the Honorable Dana A. Gutierrez on September 8, 2020.

[2] The Supreme Court Case No. is CVA17-018. The Mandate was filed by the Supreme Court of Guam on October 13, 2020.

[3] At trial, the trial court improperly instructed that the standard of proof for all issues was by a preponderance of the evidence. *Hannah,* 2020 Guam 15 ¶ 7.

2

Motion, at 6.[4]

In response, Defendants identified their position on the Motion to Clarify in the parties'

CVR 37.1 Stipulation ("Stipulation") as follows:

> Defendants have initiated the necessary pre-trial procedure to obtain the testimony of an unavailable witness in Guam. The deposition of George Nam is for the purpose of preserving trial testimony for trial scheduled for April 22, 2022, and obtaining evidence on all claims addressed in the 2nd Amended Complaint, Answer and Counterclaims will be necessary to preserve the testimony for trial. The Order on remand does not restrict the ability of all parties to preserve the testimony of an unavailable witness within Guam. Additionally, as the burden of proof has been modified by the Order on remand, which potentially reflects on additional evidence, additional discovery on the claim of undue influence may be necessary during the discovery period.

Written Stipulation (CVR 37.1), at 2 (Oct. 28, 2021).

Upon review of the Motion to Clarify and Stipulation, the Court ordered further briefing

from the parties on the following issues:

> 1) When an appellate court vacates a trial court's judgment in its entirety, and a new trial on all issues of fact is ordered, whether discovery is automatically reopened on all issues to be retried, or conversely, whether it is automatically subject to certain limitations; and
> 2) Whether the party seeking to restrict discovery bears the burden to demonstrate that discovery should be limited, or conversely, whether the party seeking discovery bears the burden to demonstrate that the party is entitled to the discovery sought.

Order Denying Ex Parte Application; Granting Request to Shorten Time; and For Further

Briefing on Issue of Discovery (Nov. 5, 2021).

Plaintiff filed her Further Briefing Per Court's November 5, 2021 Order ("Further

---

[4] Plaintiff's Motion to Clarify cites to Rule 1 of the GRCP; Rule 57 of the GRCP; 7 GCA §§ 26801 and 26802; and *Hart v. Hart*, 2008 Guam 11 ¶ 21. Plaintiff also mentions the "Law of the Case" doctrine and cites to cases discussing the purpose of motions in limine. First, the Court notes that "motions in limine" are *evidentiary* motions and are not the appropriate tool to seek rulings on *discovery* disputes. *See* Guam R. Civ. P. 26 and 37. Further, none of these authorities appear relevant to the issue of whether, after a trial court's judgment is vacated in its entirety and a new trial is ordered, discovery is reopened, or conversely, whether it is automatically limited in some way.

Briefing") on November 19, 2021. Defendants filed their Response to Plaintiff's Further Briefing ("Defendants' Response") on January 10, 2022. Plaintiff filed her Reply to Defendants' Response ("Plaintiff's Reply") on January 24, 2022. The Court took the matter under advisement on March 1, 2022. Order Taking Motion to Clarify Under Advisement and Vacating Hearing Dates (March 1, 2022).

## DISCUSSION

Plaintiff argues that on remand, discovery should be limited to Plaintiff's new claim of conversion and any defenses related to the claim of conversion. Motion, at 2-3. Plaintiff asserts that a party seeking to reopen discovery upon remand—in this case, Defendants—must show good cause and explain their failure to conduct the discovery it now seeks when the party prepared for the first trial. Further Briefing, at 7.

Defendants do not seek a "wholesale reopening of discovery," but suggests an order "limiting no more than four (4) hours of oral deposition, involving any witnesses previously deposed[.]" Response, at 3. Defendants contend that the burden is on the party seeking to restrict discovery to establish good cause for a protective order pursuant to Rule 26 of the Guam Rules of Civil Procedure ("GRCP"). *Id.* at 5.

### A.     The Burden Is Not On Plaintiff to Seek a Protective Order.

The Guam Supreme Court has not addressed the issue of whether or not discovery must be reopened upon a reversal of the trial court's judgment and a remand. However, the GRCP's rules related to discovery are substantially similar to the discovery-related rules contained in the Federal Rules of Civil Procedure ("FRCP"). Guam R. Civ. P. 26-34, SOURCE. Without Guam precedent, this Court looks to federal interpretations of the analogous federal procedural rules for guidance. *M Electric Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 25, n. 1

4

("[F]ederal decisions construing rules from which our own are derived are persuasive authority.").

In federal courts, district court judges "are accorded broad discretion in discovery matters[.]" *Fields v. City of Chicago*, 981 F.3d 534, 550-51 (7th Cir. 2020) (upholding the trial court's denial of reopening discovery beyond the narrow issue upon which the new trial had been granted). Typically, "reopening discovery would require a showing of good cause" because "reopening discovery requires an amendment of a scheduling order." *U.S. v. Science Applications Int'l Corp.*, 301 F.R.D. 1, at *3 (D.D.C. 2013).

Courts have applied either a "good cause" test or a "manifest injustice" test when considering whether to reopen discovery following an order for a retrial and a remand back to the trial court. *E.g.*, *Science Applications*, 301 F.R.D. at *3 (analyzing both whether the party seeking discovery demonstrated good cause and whether they demonstrated that manifest injustice would occur if discovery was not reopened prior to retrial); *Webber v. Butner*, No. 1:16-cv-01169- JRS-DLP, 2019 WL 6213143, at *1 (S.D. Ind. 2019) (analyzing whether good cause existed to reopen the discovery prior to retrial); *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2022 WL 1597819, at *2 (E.D.N.C. 2022) (applying the "manifest injustice standard" to request for additional discovery in advance of retrial); *Erskine v. Beim*, 197 P.3d 225, 232 (Colo. Ct. App. 2008) ("Reversal and remand for a new trial does not automatically reopen discovery.") (citing *Cleveland By and Through Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1449 (10th Cir. 1993) ("Our remand for a new trial was not an invitation to reopen discovery for newly retained expert witnesses and to enlarge trial time unnecessarily through the addition of totally new exhibits and testimony. It is always easy in hindsight for counsel to realize there may be a better way to try a case the second time around.")). In light of the trend

among federal courts, this Court declines to adopt Defendants' contention that the burden is on

Plaintiff in this case to seek a protective order in order to restrict the discovery sought by

Defendants.[5]

## B. Whether Good Cause Exists.

In *Science Applications*, D.C.'s district court first considered whether the party seeking

discovery demonstrated good cause to reopen discovery on remand. *Science Applications*, 301

F.R.D. at *3. The Court held that the factors to consider when determining whether there is good

cause to reopen discovery include: "(1) whether trial is imminent; (2) whether the request is

opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party

was diligent in obtaining discovery within the guidelines established by the court; (5) the

foreseeability of the need for additional discovery in light of the time allotted by the district

court; and (6) the likelihood that discovery will lead to relevant evidence." *Id.*; *see Webber*, 2019

WL 6213143, at *1 (applying this "good cause" test to a motion to reopen expert discovery after

a retrial was ordered).

## 1. Imminence of Trial.

Trial in this case is not imminent because the Court vacated the trial date in this matter

and stayed discovery pending the resolution of Plaintiff's Motion to Clarify. Order Denying Ex

Parte Application; Granting Request to Shorten Time; and For Further Briefing on Issue of

Discovery (Nov. 5, 2021). As this is not a request to reopen discovery on the eve of trial, this

factor weighs in favor of permitting the reopening discovery. *See Science Applications*, 301

F.R.D. at *4.

---

[5] The case law cited by Defendants in support of this assertion are not applicable to the scope of discovery after a retrial is ordered and the case is remanded back to the trial court. Defendants' Response, at 1-6.

### 2. Opposition To Request.

The request is opposed and Plaintiff argues that Defendants' are requesting to conduct discovery that is "duplicative, cumulative, and belated" in light of the extensive discovery that was already conducted over a six (6) year period preceding the first trial. Reply, at 3-4. Thus, this factor weighs against permitting the reopening of discovery.

### 3. Prejudice To Non-Moving Party.

A delay in the proceedings, especially the trial date, can constitute prejudice to the non-moving party. *Webber*, 2019 WL 6213143, at *2 (citing *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). "The same is true for reopening discovery when it requires additional costs and alterations in trial tactics and strategy." *Id.* In *Webber*, the Court found that because the plaintiffs had expended considerable resources of time and money since the cases's inception over three and a half years prior, "[r]eopening discovery would only further delay the retrial of this case and raise the costs of litigation." *Id.* Therefore, the *Webber* Court held that this factor weighed against the party's request to reopen discovery. *Id.*

Here, the present case's inception was approximately twelve (12) years ago, commencing in September of 2010. Although the new trial's date was vacated in order for the Court to address the present motion, reopening discovery to issues that were already addressed in the first trial would further delay a new trial date.

Additionally, Defendants do not contest that they conducted extensive discovery over a six-year period preceding the first trial. *See* Defendants' Response, at 1-7. Thus, there is no doubt that expanding the scope of discovery as requested by Defendants will further raise the costs of litigation in a case where significant resources of time and money have already been expended. This factor weighs against permitting the reopening of discovery.

7

### 4. Diligence of Moving Party.

In *Webber*, the plaintiff was injured while cutting down a tree on the defendant's property, and the jury issued a verdict in favor of the defendant. *Webber*, 2019 WL 6213143, at *1. The Seventh Circuit reversed and remanded for a new trial, holding it was reversible error to admit evidence that the plaintiff was not wearing a hardhat and that the jury instruction about considering the evidence was also erroneous. *Id.* On remand, the defendant sought to reopen discovery for the purpose of acquiring an expert on the plaintiff's nonuse of a hardhat. *Id.*

The *Webber* Court found that the defendant was not diligent in obtaining discovery on the plaintiff's nonuse of a hardhat before the first trial because the defendant knew of his need for information on the nonuse of a hardhat before the first trial's deadline for expert witness discovery. *Id.* at *2. The Court reasoned that the defendant "has identified no reason why he could not have retained an expert on the nonuse of a hardhat prior to the deadline for expert discovery and before the first trial." *Id.* at *3.

Here, in light of the Guam Supreme Court's reversal and remand, the Plaintiff amended her Complaint to add Counts Eight and Nine: Conversion and Aiding and Abetting Conversion, respectively, and to include allegations related to the claim of conversion. Second Amended Compl. ("SAC"), at ¶ 31, 67-74. The allegations and issues raised in the SAC otherwise remain the same that were presented in the first trial. *Compare*, First Amended Compl. ("FAC") (July 11, 2011), *with* SAC (June 16, 2021); *see* D&O, Re: Motion for Reconsideration & Motion to Dismiss FAC (June 7, 2012) (granting dismissal of Plaintiff's claim for aiding and abetting constructive fraud and denying dismissal of the remaining claims).

Defendants contend that during discovery, they should be permitted to inquire into Plaintiff's allegations related to undue influence, oppression, fraud and malice. Defendants'

Response, at 5. However, allegations related to each of these issues were clearly already raised prior to the first trial. FAC, at ¶ 31, 42-73; *see Hannah,* 2020 Guam 15 ¶ 16-20, 36-39. Defendants knew of their need to inquire into these issues and have offered no reason why these issues could not have already been inquired into during the discovery prior to the first trial. *See Webber,* 2019 WL 6213143, at *2-3. This factor weighs against permitting the reopening of discovery.

### 5.    Time Allotments.

Although the Court previously ordered a discovery cut-off period, the Court subsequently ordered that all discovery is stayed pending resolution of this Motion to Clarify and that the Court may expand the discovery cut-off period if necessary. Order Setting Case Schedule (Aug. 25, 2021); Order Denying Ex Parte Application; Granting Request to Shorten Time; and For Further Briefing on Issue of Discovery (Nov. 5, 2021). No time allotments are currently in place that "would be upset by permitting **limited relevant additional discovery.**" *Science Applications,* 301 F.R.D. at *4 (emphasis added). This factor weighs in favor of permitting limited discovery, but not in favor of reopening discovery of issues already raised prior to the first trial. *See id.*

### 6.    Likelihood That Discovery Will Lead To Relevant Evidence.

Where the party seeking discovery had the opportunity to discover the evidence sought prior to the first trial, but without explanation, declined to do so, D.C.'s district court in *Science Applications* did not consider the issue of whether the discovery sought would lead to relevant evidence. *Id.* at *4. Here, it is unclear whether expanding the scope of discovery beyond discovery related to Plaintiff's conversion claims would lead to relevant evidence. It is undisputed that all other issues except for issues related to the conversion claims were already

raised prior to the first trial and Defendants had the opportunity to discover evidence related to each of those issues. FAC, at ¶ 31, 42-73; *see Hannah,* 2020 Guam 15 ¶ 16-20, 36-39.[6] This factor does not weigh in favor of reopening the discovery to include issues already raised prior to the first trial.

In reviewing the factors used to consider whether "good cause" exists to reopen discovery beyond the scope proposed by Plaintiff, this Court finds that five out of six factors weigh against permitting a reopening of discovery to include issues previously raised before the first trial. Therefore, the "good cause" standard requires an Order limiting the scope of discovery on retrial to issues related only to Plaintiff's conversion claims.

### B.    Manifest Injustice.

When applying the "manifest injustice" test, "if a party makes a timely motion to produce new and material evidence which was not otherwise readily accessible or known, the court should, within the exercise of discretion, consider whether the denial of the new evidence would create manifest injustice . . . The court should allow sufficient leeway for the parties to produce new evidence, without undue prejudice to their interest . . . Common sense should control." *Eshelman,* 2022 WL 1597819, at *2.

To evaluate whether a "manifest injustice" would result from prohibiting the production of new evidence, the court considers four factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Id.*

---

[6] The record does not indicate that the trial court previously limited Defendants' discovery in any way.

In *Eshelman*, the defendant appealed after the jury awarded the plaintiff $15.85 million in compensatory damages and $6.5 million in punitive damages against the defendant for defamation. *Id.* at *1. The Fourth Circuit affirmed that defendants defamed plaintiff but vacated the jury's damages award, finding "no evidence to support the amount awarded by the jury," and remanded the case for a new trial only on the issue of damages. *Id.* (citing *Eshelman v. Puma Biotechnology, Inc.*, 2 F.4th 276, 285 (4th Cir. 2021)).

Upon remand, both parties sought various discovery requests which exceeded the scope of discovery on retrial. *Id.* at *1-6. In reviewing whether manifest injustice would occur, the *Eshelman* Court denied the defendant's request to depose previously disclosed witnesses and witnesses who testified at the first trial:

> To the extent a party did not depose an 'already disclosed' witness, each party must live with that choice. Either side could have deposed an already disclosed witness and decided not to do so. It is not manifestly unjust to deny [defendant's] request to depose those witnesses[.]

*Id.* at *6.

Here, unlike *Eshelman*, the Guam Supreme Court in its remand has directed the trial court to submit the issue of punitive damages to the jury if Plaintiff establishes a claim for undue influence, fraud, and/or breach of fiduciary duty. *Hannah*, 2020 Guam 15 ¶ 39. By contrast, in *Eshelman*, the Fourth Circuit's order for a new trial on damages rested on the finding that evidence on the amount of damages was necessary in order for the Court to uphold the jury's verdict, but such evidence was lacking. *Eshelman*, 2022 WL 1597819, at *1 (citing *Eshelman*, 2 F.4th at 285).

In this case, the issue on remand related to punitive damages is not related to a lack of evidence, but rather that Plaintiff met her burden to have the issue of punitive damages submitted

to the jury, but the trial court improperly denied such submission. *Hannah*, 2020 Guam 15 ¶ 39. Therefore, this issue on remand does not give rise to the need for discovery of additional evidence. Further, even in a case where the remand did give rise for the need of additional evidence, such as *Eshelman*, the trial court still found that denying the defendant's request to depose previously disclosed witnesses and witnesses who testified at the first trial was not manifestly unjust. *Eshelman*, 2022 WL 1597819, at *6.

Given that significant resources of time and money have already been expended in the years preceding the first trial in this case, the Court finds that Plaintiff would be prejudiced if discovery is reopened to allow inquiries into issues already raised prior to the first trial. Although the Court does not find that Defendants have acted in bad faith in making their request, this prejudice would not be able to be cured by the Defendants. Lastly, the broad reopening of discovery requested by Defendants would disrupt the efficiency of holding the new trial due to the amount of time necessary for completing this additional discovery as well as the risk of duplicative discovery. Accordingly, the Court finds that no "manifest injustice" would occur in denying Defendants' request to reopen discovery beyond issues related to Plaintiff's conversion claims. *See Eshelman*, 2022 WL 1597819, at *1-6.

In sum, based on the information before the Court, the Court finds that under both the "good cause" test and the "manifest injustice" test, Plaintiff's request for an Order limiting the scope of discovery on retrial to issues not addressed in the first trial, which would permit discovery related to Plaintiff's conversion claims, is warranted. Reply, at 4. The Court further notes this Decision and Order is limited to addressing Plaintiff's Motion to Clarify requesting that the Court clarify the scope of discovery in the second trial permitted under the Guam Supreme Court's Opinion and Judgment. Motion, at 6.

12

Therefore, this Decision and Order does not purport to address any specific discovery request. In complying with this Decision and Order, if a specific discovery issue should arise, the parties may meet and confer in accordance with Rule 26 of the GRCP and bring the issue to the Court's attention, if Court intervention is needed. *Eshelman*, 2022 WL 1597819, at *6.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Clarify is **GRANTED**, and the Court hereby **ORDERS** that, absent a showing of good cause or manifest injustice, the scope of discovery in preparation for the retrial in this matter shall be limited to issues related to Plaintiff's conversion claims, identified in her Second Amended Complaint as Counts Eight and Nine, and any defenses related to the conversion claims.

A Status Hearing shall be held on **June 28, 2022 at 9:45 a.m.**

**SO ORDERED:** _____MAY 3 1 2022_____

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
_____
_____
Date:_____Time:_____
__Joseph Bamba, Jr.__
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE DANA A. GUTIÉRREZ**
Judge, Superior Court of Guam

To appear for the hearing, you may: 1) **Appear via Zoom** by going to https://guamcourts-org.zoom.us, and entering the Meeting ID: 839 7874 0380 and Passcode: 189701; or 2) **Appear in person** at the Honorable Dana A. Gutierrez's Courtroom, 120 West O'Brien Drive, Hagatna, Guam. **For technical assistance**, you may call into the courtroom at 671-475-3207 at least five minutes prior to your designated hearing time.